**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDREW G. MCLEMORE, JR.,

Plaintiff,

v.

CASE NO. 10-13093

HON. MARIANNE O. BATTANI

THE BANK OF NEW YORK MELLON, as Trustee for the Certifcateholders CWABS, INC., Asset-Backed Certificates, Series 2005-15, WAYNE COUNTY SHERIFF'S DEPARTMENT, WARREN EVANS, THE WAYNE COUNTY BOARD OF COMMISSIONERS, and THE COUNTY OF WAYNE,

Defendants.
_____________________________________/

**OPINION AND ORDER GRANTING WAYNE COUNTY DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Before the Court is Defendant Wayne County, the Wayne County Board of Commissioners, and Warren C. Evans's Motion to Dismiss and for Summary Judgment Based on Fed. R. Civ. P. 12(b)(6) (Failure to State a Claim), and 56(c) (No Genuine Issue of Material Fact) (Doc. No. 10). The Court has reviewed all the relevant filings and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below, the Court grants Defendants' motion.

## I. INTRODUCTION

Plaintiff Andrew G. McLemore, Jr., filed suit in Wayne County Circuit Court alleging Defendants Wayne County, the Wayne County Sheriff's Department, Wayne County Commissioners, and former sheriff, Warren Evans (hereinafter Wayne County Defendants), and Bank of New York Mellon violated state and federal law during the

foreclosure and sale of his home.

According to Plaintiff, he purchased property located at 1980 Stratchcoma Street, in Detroit, Michigan, on August 16, 2005, and Bank of New York Mellon (BNYM) subsequently acquired his mortgage and loan. (Comp., ¶ 6.) BNYM commenced mortgage foreclosure proceedings against Plaintiff's property and was the highest bidder at a sheriff's sale conducted November 25, 2009. (Id., ¶¶ 7-8.)

In Count I, Plaintiff asks for equitable relief to set aside the sheriff's deed as defective and, therefore, null and void. In Count II, Plaintiff alleges fraud based on his assertion that the sheriff's deed was deliberately falsified by Defendants "to give the appearance that the statutory requirements for a foreclosure sale have been met." (Compl. at ¶ 18.) In Count III, Plaintiff alleges Defendants violated the Michigan Consumer Protection Act ("MCPA"), MICH. COMP. LAWS § 445.903, through their deceptive actions and failure to reveal the fact that the individuals who conducted the mortgage foreclosure sale were not authorized to do so. In Count IV, Plaintiff alleges gross negligence relating to the wrongful eviction of Plaintiff from his real property. In Count V, Plaintiff brings a claim of denial of due process/taking without just compensation under 42 U.S.C. § 1983.

Wayne County Defendants timely removed this matter to federal court, and it subsequently was reassigned to this Judge as a companion to Williams et al. v. Wayne County, et al., Case No. 09-14328. They now move for dismissal under Rule 12(b)(6) and/or summary judgment.

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. FED. R. CIV. P. 12(b)(6)

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th

Cir. 2008). However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

**III. ANALYSIS**

The Court directs its attention to Plaintiff's Brief in Response to the dispositive motion, wherein he asks the Court to deny the motion. In his response brief, "Plaintiff adopts and incorporates herein the Plaintiffs' Brief in Response to Defendant's Motion for Summary Judgment filed in the companion case, Sherie Williams, et al. v. Wayne County Sheriff's Department, et al., Case No. 09-cv-14328. (Attached as Exhibit A)." (Doc. No. 14, p. 2.) Here, the brief referenced by Plaintiff was filed in a separate action, albeit a companion case. Moreover, the referenced brief is attached without the exhibits that supported the arguments in the companion case.

Rule 10(c) states that "[a] statement in a **pleading** may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV. P. 10(c) (emphasis added).

The Court finds Rule 10(c) does not contemplate the incorporation requested by Plaintiff. First, a response brief is not a pleading, (see FED. R. CIV. P. 7); therefore, the Rule does not cover the request before the Court. Second, although Rule 10(c) "permits references to pleadings and exhibits in the same case. . . . there is no rule permitting the adoption of a [responsive brief]. . . in a different [matter] by mere reference." Tex. Water Supply Corp. v. Reconstr. Fin. Corp., 204 F.2d 190, 196 (5th Cir. 1953). See also U.S.

v. Int'l Longshoremen's Ass'n, 518 F. Supp.2d 422 (E.D. N.Y. 2007) (holding that "[t]he reference to "prior pleadings" in Rule 10(c) is limited to prior pleadings in the same action, not pleadings in prior actions, even those involving the same parties"). In sum, the incorporation fails. See Rohde v. Rippy Surveying Co., No. 97-50324, 1997 WL 802890 (5th Cir. Nov. 19, 1997) (affirming the lower court's conclusion that exhibits attached to a complaint in an earlier proceeding were not in the record).

Because the incorporation fails, the Court reviews the merits under Rule 56(e). Pursuant to subsection (3) of the rule, when a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may "grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3).

The Court finds Wayne County Defendants are entitled to summary judgment. Plaintiff has failed to provide any evidence in support of his position that the Special Deputy was not appointed properly, which is the basis for all of his claims. There is no evidence offered to contest the evidence advanced by Wayne County Defendants that the appointment was proper.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: March 23, 2011

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager